```
          IN THE UNITED STATES DISTRICT COURT FOR
            THE SOUTHERN DISTRICT OF GEORGIA
                    SAVANNAH DIVISION
```

UNITED STATES OF AMERICA    )
                            )
v.                          )    CASE NO. 4:08-cr-00089-1
                            )
Ahmad Rashaad Ferguson,     )
      Defendant.            )
                            )
_____ )

## O R D E R

Defendant Ferguson has motioned the Court for a reduction of his supervised release revocation sentence pursuant to the First Step Act of 2018.

Defendant was originally sentenced by this Court on November 12, 2008, following his plea of guilty to distribution of 5 grams or more of cocaine base. A custodial sentence of 120 months was imposed, followed by 5 years supervised release. The imposed sentence was a downward variance from the applicable advisory guideline range of 188 to 235 months, pursuant to 18 U.S.C. § 3553(a) factors.

The Fair Sentencing Act of 2010, which raised the quantities of cocaine base required to trigger certain mandatory minimum penalties – and would have reduced Defendant's statutory penalties from 5 to 40 years to not more than 20 years – was not made retroactive until the passage of the First Step Act in 2018. By that time, Defendant was on supervised release, having been released from Bureau of Prisons custody in May 2017. Defendant's conditions of supervision were modified by this Court in 2017, and a revocation hearing was held in 2018, in response to Defendant's violative conduct. During the 2018 hearing, the Court found that Defendant had indeed violated his

conditions of supervised release; nonetheless, the Court elected to continue Defendant on supervision at that time. On October 20, 2019, the Court held a revocation hearing based upon new violations of Defendant's conditions of release. Defendant stipulated during the hearing that the Government could prove by a preponderance of the evidence that he committed three violations. The Court revoked Defendant's supervised release and sentenced him to 12 months custody, with no supervised release term to follow.

Notably, Defendant failed to request First Step Act relief during that revocation hearing, even though the First Step Act had been enacted 10 months earlier, nor did he directly appeal the revocation sentence. Instead, he filed the instant motion, requesting First Step Act relief, about 30 days into the service of his revocation sentence.

The Court first notes that, in the wake of the First Step Act, it has not been authoritatively established that the Courts can extend First Step Act relief to a revocation sentence, as opposed to the originally imposed sentence. In Defendant's case, had he still been serving on his original sentence when the First Step Act was passed, he would have been eligible for a sentence reduction, as his advisory guideline range would have lowered from 188 to 235 months to 151 to 188 months. Even so, the Court would not have been required to lower Defendant's sentence; moreover, the sentence Defendant was serving (120

Honorable William T. Moore, Jr.
RE:  **FERGUSON,** Ahmad Rashaad
Order on Motion
Page 3

months) was already 31 months lower than the lower end of the lowered range.

As pointed out by the Government, Defendant had the opportunity to raise the issue of the First Step Act and argue its applicability at his 2019 revocation hearing, but he did not. Instead, he waited to file a motion for a First Step Act reduction of sentence once he began serving the revocation sentence. Such is indeed suggestive of Defendant attempting to substitute a motion for sentence modification for a direct appeal of his sentence, which is procedurally inappropriate.

Further, as noted above, while the Courts have not definitively decided whether First Step Act relief may be extended to supervised release revocation terms, the Government's argument as to the distinct nature of the prison terms is persuasive. Defendant's original imprisonment term addressed his distribution of cocaine base. Defendant's revocation term addressed his failure to comply with his conditions of supervised release, conduct that is completely separate and apart from the drug distribution conduct underlying the original imprisonment term.

Even if the Court agreed, however, that Defendant's sentence reduction request was appropriate, it is well held that the Court is not required to grant it. In fact, a reduction in sentence simply does not appear warranted as to Defendant, as the Court has already been generous toward Defendant in several

3

Honorable William T. Moore, Jr.
RE: **FERGUSON**, Ahmad Rashaad
Order on Motion
Page 4

respects: imposing a downward variance at sentencing; continuing him on supervision at the outset of his violative conduct while on supervised release; and finally, revoking him but sparing him any additional time on supervised release, which significantly shortens Defendant's time under this Court's supervision.

In sum, the Court remains uncertain whether a reduction in sentence would be legally permissible with respect to Defendant's revocation sentence, as the provisions of the First Step Act do not make such clear. Nonetheless, the Court's position is that even if such a reduction were legally authorized, the Court would exercise its discretion to deny the reduction as to Defendant. The 12-month revocation sentence Defendant is presently serving is an appropriate sentence, pursuant to the factors found at 18 U.S.C. § 3553(a).

Based on the foregoing, Defendant's Motion for Reduction in Sentence is **DENIED**.

SO ORDERED this 17th day of June, 2020.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT

4