IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CASE NO. CR408-089 |
| ) | |
| AHMAD RASHAAD FERGUSON,  ) | |
| ) | |
| Defendant.               ) | |

# O R D E R

Before the Court is Defendant Ahmad Rashaad Ferguson's Motion for Compassionate Release (Doc. 109) and Amended Motion for Compassionate Release and Motion for Reduction in Sentence (Doc. 111). The Government has responded in opposition to both of Defendant's motions. (Docs. 110, 112.) For the following reasons, Defendant's motions (Docs. 109, 111) are **DISMISSED**.

## BACKGROUND

On August 6, 2008, Defendant Ferguson pleaded guilty to distribution of 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 20; Doc. 28.) Defendant was sentenced to 120 months' imprisonment, followed by 5 years of supervised release. (Doc. 28.) Defendant's supervision commenced in May 2017 (Doc. 59), however, in October 2019, the Court revoked Defendant's supervision and sentenced him to 12 months' imprisonment with no term of supervision to follow (Docs. 100, 104). According to the

BOP website, Defendant is currently incarcerated at USP Lewisburg in Lewisburg, Pennsylvania, with a projected release date of October 30, 2020. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 6, 2020).

**ANALYSIS**

In Defendant's motion for compassionate release, Defendant seeks an order from this Court permitting him to serve the balance of his sentence under home confinement due to the COVID-19 pandemic. (Doc. 109 at 3.) Defendant states that he applied for home confinement with the warden at the Federal Correctional Institution ("FCI") in Estill, South Carolina on April 1, 2020 but that, to date, he has received no response to his request. (Id. at 2.) Additionally, Defendant claims that he suffers from gastrointestinal hernias, intermittent internal bleeding, and intermittent blood clots that could be exacerbated if exposed to COVID-19. (Id.) In response, the Government opposes Defendant's request and argues that Defendant has failed to exhaust his administrative remedies and has not provided evidence of any qualifying medical conditions as required under U.S.S.G. § 1B1.13. (Doc. 110.) In his amended motion, Defendant argues that the Federal Bureau of Prisons ("BOP") is unable to adequately monitor and handle the COVID-19 pandemic and requests

2

his "sentence be reduced to time served and/or he be allowed to serve the balance on home confinement." (Doc. 111 at 9.)

I.   HOME CONFINEMENT

Defendant's motions must be denied. First, it should be noted that a request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is different than a request for sentence reduction based upon compassionate release. Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Under § 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, No. 1911445, 2020 WL

3

883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also Allen, No. 2:14-CR-024, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motions are **DISMISSED**.

II.  COMPASSIONATE RELEASE

Second, to the extent Defendant is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court finds that Defendant's motions must be dismissed. In Defendant's motion and amended motion, Defendant states that he requested home confinement from the warden at Estill FCI. (Doc. 109 at 2; Doc. 111 at 14.) However, Defendant does not claim that he ever sought compassionate release before the warden. 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

4

of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's Warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." Id. § 571.61(a). In this case, Defendant has not claimed that he sought a reduction in his sentence based on compassionate release before the BOP—Defendant only states that he requested home confinement. As there is no evidence that Defendant has presented his request for compassionate release to the warden, Defendant has not exhausted his administrative remedies and the Court must dismiss Defendant's motion. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020).

Moreover, even if Defendant had exhausted his administrative remedies, he has not provided "extraordinary and compelling reasons" that warrant a reduction in his sentence.

5

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

In this case, Defendant argues that he qualifies for compassionate release because "while he is still considered young, he does have some medical issues, his risk of exposure to COVID-19 is high, [and COVID-19] could still be deadly to him" and "more importantly putting him in home confinement helps reduce the risk as USP Lewisburg by helping reduce the

population of inmates." (Doc. 111 at 19.) Despite Defendant's continued conflation of a sentence reduction due to compassionate release and serving his sentence on home confinement, Defendant appears to seek compassionate release related to his medical conditions. Specifically, Defendant claims that he suffers from gastrointestinal hernias, intermittent internal bleeding, and intermittent blood clots that could be exacerbated if exposed to COVID-19. (Doc. 111 at 15.)

For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant presents no evidence that his medical conditions meet this criteria. The Court does not agree with Defendant's generalized argument that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T[he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, without additional medical

7

evidence, the Court would deny Defendant's motions on the merits as well.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 109) and Amended Motion for Compassionate Release and Motion for Reduction in Sentence (Doc. 111) are **DISMISSED**.

SO ORDERED this 7th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA